IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM O. SOTO, § § **Plaintiff,** § § v. § § LCS CORRECTIONS SERVICE, INC., § d/b/a Coastal Bend Detention Center, § § **Defendant.** § | CIVIL ACTION NO. 2:12-CV-00130 |

## ORDER

Before the Court is Plaintiff's Motion for Attorney Fees (D.E. 39), Plaintiff's Motion for Front Pay (D.E. 40), and Defendant's Objection to Jury's Punitive Damages Award (D.E. 55). The Court requests the parties provide additional evidence and briefing on these issues.

With regard to Plaintiff's motion for attorney's fees, the Court requests that, within seven (7) days of this Order, Plaintiff's counsel file with the Court his timesheets for this case so that the Court can make a determination regarding the reasonable number of hours expended. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Defendant may submit objections within seven (7) days of Plaintiff's filing of the timesheets.

With regard to Plaintiff's motion for front pay, the Court requests that Plaintiff provide additional evidence or provide citations to relevant evidence in the record demonstrating that Plaintiff's reinstatement is not feasible and supporting the amount of front pay requested. *See Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 871 (5th Cir. 1991) (setting forth several factors the district court should consider when determining award of front pay). Defendant may respond and submit evidence within seven (7) days of Plaintiff's filing.

With regard to Defendant's objection to the jury's punitive damages award, the Court requests that, within seven (7) days from the date of this Order, Defendant provide additional evidence and briefing regarding the number of people employed by LCS Corrections Service, Inc. and Coastal Bend Detention Center and whether these two entities constitute a "single integrated enterprise." *See Vance v. Union Planters Corp.*, 279 F.3d 295 (5th Cir. 2002) (permitting district court to aggregate the total number of employees for purposes of statutory damages cap when two entities constituted a "single integrated enterprise"). Defendant must demonstrate that it employed "fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year" for the $100,000 cap on compensatory and punitive damages to apply. 42 U.S.C. § 1981a(b)(3). Plaintiff may respond and submit evidence within seven (7) days of Defendant's filing.

ORDERED this 11th day of July 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE